MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
SERAFIN RIOS and PATROCINIO RIOS,

                       *Plaintiffs*,           **07 CV 8701 (LTS)(FM)**
        -against-

NEIGHBORHOOD CONSTRUCTION CORP.      **COMPLAINT**
and DILBER KUKIC.,

                                    **FLSA Collective Action**
                     *Defendants.*
-----------------------------------------------------------------X

      Plaintiffs Serafin Rios and Patrocinio Rios (collectively referred to hereinafter as "Plaintiffs"), Michael Faillace & Associates, P.C., allege upon information and belief of the above named Defendants, as follows:

## NATURE OF THE ACTION

      1.    Plaintiffs are former employees of Neighborhood Construction Corporation ("Defendant Neighborhood") and Dilber Kukic ("Defendant Kukic") (collectively referred to hereinafter to as "Defendants").

      2.    Defendant Neighborhood, by and through its owner, operates a construction company with its main place of business located at 1829 Haight Avenue, Suite 1F, Bronx, New York 10461.

3. Defendant Neighborhood is owned and operated by individual Defendant Kukic. Upon information and belief, Defendant Kukic serves as the owner, principal, or agent of Defendant Neighborhood.

4. Defendants have maintained a policy and practice of requiring Plaintiffs and other similarly situated employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations. Plaintiffs now bring this action, on behalf of themselves and other similarly situated individuals, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") § 650 *et seq.*, and the spread of hours and overtime wage orders of the New York Commissioner of Labor (the "spread of hours order" and "overtime wage order" respectively codified at 12 N.Y.C.R.R. § 142-2.2, 2.4.)

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

6. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

7.      Plaintiff Serafin Rios ("Plaintiff Rios") is an adult individual residing in Queens County, New York.  Plaintiff Rios was employed by Defendants as a painter from approximately October 2000 to July 11, 2007; for purposes of this Complaint, Plaintiff Rios' employment period will be limited to October 2001 to July 11, 2007.  During the relevant time period, Plaintiff Rios regularly worked 48 hours per week – six days a week, from 8 a.m. to 4:30 p.m., with a 30-minute break.  His wages were paid weekly in cash and set as follows: $600 in 2001; $630 in 2002; $660 in 2003 and 2004; $780 in 2005 and 2006; and $900 in 2007.

8.      Plaintiff Patrocinio Rios ("Plaintiff Patrocinio") is an adult individual residing in Queens County, New York.  Plaintiff Patrocinio was employed by Defendants as a painter from approximately July 2006 to July 11, 2007.  During his employment, Plaintiff Patrocinio regularly worked 48 hours per week – six days a week, from 8 a.m. to 4:30 p.m., with a 30-minute break.  His wages were paid weekly in cash and set as follows: $780 in 2006 and $900 in 2007.

*Defendants*

9.      Upon information and belief, Defendant Neighborhood is a corporation, organized and existing in New York County, owned and operated by individual Defendant Kukic.

10.     Defendant Neighborhood maintains its place of business at 1829 Haight Avenue, Suite 1F, Bronx, New York, 10032.

**STATEMENT OF FACTS**

*Defendants' Employment and Compensation Practices*

11. Defendants regularly required Plaintiffs to work in excess of forty (40) hours per week and more than ten (10) hours a day without paying them the proper regular rate of pay, overtime wages, or spread of hour compensation.

12. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York State Labor Law by failing to maintain proper and complete timesheets or payroll records.

13. Defendants paid Plaintiffs wholly in cash, neither of which was provided with a pay slip or record, accurate indication as to their rate of pay, daily hours worked, or total hours worked each week.

14. In approximately July 2007, Defendant Kukic terminated both Plaintiffs. When Defendant Kukic terminated Plaintiff Rios, he refused to pay him for his last two weeks of work and accused him of stealing work tools. Plaintiff was also assaulted by Defendant Kukic during the altercation.

*Defendants' Organizational Structure*

15. Upon information and belief, Defendant Kukic is the owner and/or executive director of Defendant Neighborhood.

16. At all relevant times, Defendants employed the Plaintiffs.

17. The gross annual volume of sales made or business done by Defendant Neighborhood, for each year in existence, was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

18. At all relevant times, Defendants were the Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

## FIRST CAUSE OF ACTION
### Minimum Wage Act Under the FLSA

19. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

20. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

21. At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

22. Defendant Neighborhood constitutes an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

23. Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly rate in violation of 29 U.S.C. §§ 206(a) and 255(a).

24. Plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Overtime Wage Order Under the FLSA

25. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

26. Defendants willfully failed to pay Plaintiffs pursuant to the overtime wage order

at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of 29 U.S.C. §§ 207(a)(1) and 255(a).

27. Plaintiffs have been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### Minimum Wage Act Under the NYLL

28. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

29. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the NYLL §§ 2 and 651.

30. Defendants knowingly paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

31. Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of NYLL § 663.

32. Plaintiffs have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### Overtime Wage Order Under the NYSLL

33. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

34. Defendants willfully failed to pay Plaintiffs overtime at the rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek, in violation of NYLL § 190 *et seq.* and regulations of the New York State Department of Labor.

35. Defendants' failure to pay Plaintiffs overtime was willful within the meaning of NYLL § 663.

36. Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### Spread of Hours Wage Order

37. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

38. Defendants failed to pay Plaintiffs one additional hour's pay at the minimum wage rate for each day Plaintiffs worked more than ten hours in violation of the Spread of Hours Wage Order.

39. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs worked in excess of ten hours was willful within the meaning of NYLL § 663.

40. Plaintiffs have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFOR, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

    A. Declaring that Defendants have violated the minimum wage orders of the FLSA and NYLL, as to Plaintiffs;

    B. Declaring that Defendants have violated the overtime wage orders of the FLSA and NYLL, as to Plaintiffs;

    C. Declaring that Defendants' violation of the FLSA and NYLL were willful, as to Plaintiffs;

    D. Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commissioner of Labor, as to Plaintiffs;

    E. Awarding Plaintiffs and the punitive class members damages for the amount of unpaid minimum and overtime wages, as well as spread of hours pay under the FLSA and NYLL;

   F. Awarding Plaintiffs and the punitive class liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663;

   G. Awarding Plaintiffs and the punitive class prejudgment interest;

   H. Awarding Plaintiffs and the punitive class members the expenses incurred in this action, including costs and attorney's fees; and

   I. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
   October 5, 2007

             MICHAEL FAILLACE & ASSOCIATES, P.C.

             By: _____/s/_____
              Michael Faillace [MF-8436]
              110 East 59th Street, 32nd Floor
              New York, New York 10022
              (212) 317-1200
              *Attorneys for Plaintiffs*