```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

SERAFIN RIOS and PATROCINIO RIOS,

                Plaintiffs,

        -v-                                               No. 07 Civ. 8701 (LTS)

NEIGHBORHOOD CONSTRUCTION CORP.
and DILBER KUKIC,

                Defendants.                               MEMORANDUM ORDER

------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 1 4 2009

This matter was commenced by the filing of a complaint on October 9, 2007, by Serafin Rios and Patrocinio Rios ("Plaintiffs"), asserting claims for unpaid overtime and minimum wages arising under the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"), and the New York Minimum Wage Act, N.Y. Lab. Law § 650, against defendants Neighborhood Construction Corp. and Dilber Kukic ("Defendants").[1] Plaintiffs seek back pay, liquidated damages, prejudgment interest, and costs and attorneys' fees. The Court has subject matter jurisdiction of the federal claims pursuant to 28 U.S.C. § 1331 and exercises supplemental jurisdiction with respect to the state law claims pursuant to 28 U.S.C. § 1367.

Defendants failed to interpose a timely answer to the complaint or otherwise move in this proceeding. Plaintiffs properly filed and served a motion for default judgment on May 28, 2009. (Docket entry no. 13.) Defendants have not opposed the motion and the time to do so has expired. For the following reasons, Plaintiffs' motion is granted.

---

[1] Plaintiffs also raised a "spread of hours" claim in their Complaint but abandoned that claim in their motion for default judgment.

DISCUSSION

By virtue of Defendants' default, as noted by the Clerk of Court on February 27, 2008, the factual allegations in Plaintiffs' Complaint, other than those as to the amount of damages, are deemed admitted. Fed. R. Civ. P. 8(b)(6). However, "judgment against a defaulting party should be granted only after careful examination of the moving party's claim by the district court . . . Indeed, a defendant's default does not in itself warrant a court in entering a default judgment because there must be a sufficient basis in the pleadings for the judgment entered." Bianco v. Seaway Indus. Services, Inc., No. 03 Civ. 0084, 2004 WL 912916, *1 (W.D.N.Y. April 1, 2004) (citation omitted); see also Enron Oil Corp. v. Masonori Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). An entry of default is "left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil Corp., 10 F.3d at 95. The Court recognizes the Second Circuit's "oft-stated" preference for resolving disputes on the merits. Id.

Plaintiffs allege that they each worked for Defendants an average of forty-eight hours per week and were not compensated for overtime wages as mandated by the FLSA, which also has been expressly incorporated by the New York Labor Law.[2] N.Y. Comp. Codes R. & Regs

---

[2] The statute of limitations for this action under federal law is three years in light of Plaintiffs' uncontested factual proffers supporting the conclusion that Defendants' underpayment was willful. 29 U.S.C. § 255(a). The statute of limitations for the state law claim is six years. N.Y. Lab. Law § 663(3). Plaintiffs' federal claim subsumes their state law claim for the overlapping damages period. For the period that is untimely under the federal three-year statute of limitations but timely under the state law six-year statute of limitations, the state law claim is operative. See Khan v. IBI Armored Services, Inc., 474 F. Supp. 2d 448, 450 n.1 (E.D.N.Y. 2007). Plaintiff Serafin Rios began working for Defendants in October 2000, see S. Rios Aff. ¶ 3, and accordingly under the New York Labor Law he has a timely claim with respect to events occurring on or after October 9, 2001, and under the FLSA he has a timely timely claim with respect to events occurring on or after October 9, 2004. Plaintiff

tit. 12, § 142-2.2. The FLSA requires that employees be paid a 50% premium over their regular wage for each hour over forty hours worked in a week. 29 U.S.C. § 207(a)(1). Plaintiffs have proffered evidence, in the form of sworn affidavits, of the hours they worked; the cash wages they received; and Defendants' failures to compensate Plaintiffs for working overtime, maintain records of their payments to Plaintiffs, and inform Plaintiffs of the rights guaranteed to them by state and federal labor laws. See Serafin Rios Aff. ¶¶ 6-15, Patrocinio Rios Aff. ¶¶ 7-21. Plaintiffs' proffers are presumed to be correct in the absence of any rebuttal evidence proffered by Defendants. See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946). Accordingly, plaintiff Serafin Rios is entitled to back pay in the amount of $17,835.00 and plaintiff Patrocinio Rios is entitled to back pay in the amount of $3,975.00 which, according to Plaintiffs' uncontested proffers, see Faillace Affirmation, Ex. F, are the differences between the pay to which they were entitled and the pay they actually received. 29 U.S.C. § 216(b).

The FLSA provides that liquidated damages, in an amount equal to damages owed for unpaid compensation, are mandatory for violations of 29 U.S.C. § 207, unless the employer demonstrates that it acted in good faith. 29 U.S.C. §§ 216(b), 260. New York Labor Law similarly provides for liquidated damages, in the amount of 25% of the underpayment, in the event the defendant's underpayment was willful. N.Y. Lab. Law § 663(1). Plaintiffs have proffered uncontested evidence that Defendants acted willfully and in bad faith, in that they repeatedly ignored Plaintiffs' requests to be compensated for their overtime efforts as required by law. See Serafin Rios Aff. ¶¶ 10-11, Patrocinio Rios Aff. ¶¶ 14-15. Defendants have not responded to any of Plaintiffs' pleadings or submissions. Accordingly, plaintiff Serafin Rios is entitled to an award

---

> Patrocinio Rios began working for Defendants in July 2006, see P. Rios Aff. ¶ 3, and accordingly all of his damages accrued within the FLSA damages period.

of liquidated damages in the amount of $11,542.50 under the FLSA and the New York Labor Law and plaintiff Patrocinio Rios is entitled to an award of liquidated damages in the amount of $3,975.00 under the FLSA. See Faillace Affirmation, Ex. F.

Plaintiffs seek costs in the amount of $502.00 and attorneys' fees in the amount of $24,977.50. Fee shifting is authorized by the FLSA, 29 U.S.C. § 216(b), and the New York Labor Law, N.Y. Lab. Law § 663(1), and Plaintiffs' counsel has provided detailed records of its fees and costs. See Faillace Affirmation, Exs. E, F. "[T]he presumptively reasonable fee is calculated by setting a reasonable hourly rate that reflects what rate a paying client would be willing to pay, and multiplying that rate by the number of hours reasonably expended litigating the case." Joe Hand Promotions, Inc. v. Martinez, No. 07 Civ. 6907, 2008 WL 4619855, *7 (S.D.N.Y. Oct. 17, 2008) (citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110 (2d Cir. 2007)). The Court concludes that the number of hours worked for which Plaintiffs' counsel seeks compensation is reasonable. The requested hourly rate of $450 per hour for the work performed by Michael Faillace, Esq., and Richard Bernstein, Esq., however, exceeds market rates for lawyers with comparable skill and experience in this district. See Arbor Hill, 493 F.3d at 117-120. The Court therefore grants a reduced attorneys' fee award of $22,530, based on a rate of $400 per hour for Mr. Faillace and Mr. Bernstein and the reasonable requested rates of $350 per hour and $250 per hour, respectively, for work performed by John Karol and Yolando Rivero. Plaintiffs' request for costs in the amount of $502.00 is also granted.

Plaintiff Serafin Rios is entitled to prejudgment interest, pursuant to N.Y.C.P.L.R. § 5001, only on his award for back pay in the amount of $8,390 for the period preceding his damages period under the FLSA. See Brock v. Superior Care, Inc., 840 F.2d 1054, 1064 (2d Cir. 1988) ("it

is well settled that in an action for violations of the Fair Labor Standards Act prejudgment interest may not be awarded in addition to liquidated damages"). Prejudgment interest is calculated at the rate of nine percent per year under New York law and the Court is afforded discretion to determine the date upon which the damages were incurred. N.Y.C.P.L.R. § 5001(b). The Court selects the date of April 9, 2003, the midpoint of the damages period for Plaintiff Serafin Rios' state law claim and, accordingly, awards prejudgment interest calculated at the rate of nine percent per year from April 9, 2003, through the date of the entry of judgment.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for a default judgment is granted. The Clerk of Court is respectfully requested to enter judgment against defendants Neighborhood Construction Corp. and Dilber Kukic, jointly and severally, as follows: for back pay and liquidated damages to plaintiff Serafin Rios in the amount of $29,377; for back pay and liquidated damages to plaintiff Patrocinio Rios in the amount of $7,950; and prejudgment interest to plaintiff Serafin Rios on $8,390, calculated at the annual rate of nine percent from April 9, 2003, through the date of the entry of judgment. The Court also awards to Plaintiffs their reasonable attorneys' fees in the amount of $22,530 and costs in the amount of $502.00. This Order resolves docket entry no. 13. The Clerk of Court is respectfully requested to close this case following the entry of judgment.

SO ORDERED.

Dated: New York, New York
October 14, 2009

LAURA TAYLOR SWAIN
United States District Judge